# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

JAVIER RODRIGUEZ,

     Plaintiff,

    vs.                            No. Civ. 16-00489 WJ/GBW

LAS CRUCES MEDICAL CENTER, LLC.,
D/B/A MOUNTAIN VIEW REGIONAL
MEDICALCENTER, AFFILION, LLC.,
BRUCE GLEASON, M.D., PHC LAS CRUCES INC.
D/B/A MEMORIAL MEDICAL CENTER,
LAS CRUCES EMERGENCY MEDICAL
ASSOCIATES, INC, ANDREW PEARSON, M.D.
AND THE UNITED STATES OF AMERICA,

     Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING UNITED STATES' MOTION TO DISMISS
## FOR LACK OF SUBJECT MATTER JURISDICTION
## and
## REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER
## JURISDICTION OVER OTHER DEFENDANTS and CLAIMS

THIS MATTER comes before the Court upon a Motion to Dismiss for Lack of Subject
Matter Jurisdiction filed by Defendant United States of America ("Defendant" or "United
States") filed June 6, 2016 (**Doc. 10**). No response has been filed.[1] Having reviewed the parties'
briefs and applicable law, the Court finds that (1) Defendant's motion is well-taken and will be
granted; (2) there is no other basis for federal jurisdiction which would allow the case to remain
in federal court; (3) the Court declines to exercise supplemental jurisdiction over Plaintiff's
remaining claims against other Defendants; and (4) this case is remanded to the Third Judicial
District Court, County of Doña Ana.

---

[1] The United States filed a Notice of Briefing Complete on June 28, 2016. Doc. 15.

**BACKGROUND**

This is a complaint for medical malpractice against several defendant hospitals and members of their staffs based on their alleged failure to diagnose Plaintiff as suffering from a stroke despite his presenting with stroke symptoms.  Plaintiff initially filed the complaint in the Third Judicial District Court, County of Doña Ana. on December 7, 2015.  Defendants removed the case to federal court under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2401(b), 2671-80, based on the fact that Defendant Ben Archer Health Center, Inc. ("Ben Archer Hospital") is a grantee of the Department of Health and Human Services ("DHS"), which is operated by the United States.  The United States now contends that this Court lacks subject matter jurisdiction over claims asserted against it because Plaintiff failed to exhaust his administrative remedies.

**DISCUSSION**

A.     Legal Standard

Federal courts have exclusive jurisdiction over FTCA claims against the United States. See 28 U.S.C. § 1346(b). Because the FTCA constitutes a congressional waiver of the federal government's sovereign immunity, *see Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005), Congress has permissibly imposed certain conditions on actions brought under that enactment, *see United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("[T]he terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.").  One of these conditions on suing the United States is that a plaintiff must provide notice to the United States before pursuing an FTCA action in court. *See Estate of Trentadue*, 397 F.3d at 852.  In particular, an FTCA action cannot be instituted "unless the

claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a).

Because the FTCA constitutes a limited waiver of sovereign immunity, the notice and exhaustion requirements of § 2675(a) "must be strictly construed. The requirements are jurisdictional and cannot be waived." *See Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005); *see also Nero v. Cherokee Nation of Okla.*, 892 F.2d 1457, 1463 (10th Cir. 1989) ("[B]ringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive." (citation omitted)).   A plaintiff who submits an administrative claim after filing a complaint is generally required to dismiss his existing complaint, then file a new suit. *See Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999). Even the filing of an amended complaint is generally insufficient to cure a failure to exhaust remedies under § 2675(a).  *Id.* ("Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless . . . ."). Simply put, "Congress intended to require complete exhaustion . . . *before* invocation of the judicial process." *Id.* (quoting *McNeil*, 508 U.S. at 112) (emphasis added).[2]

B.    Analysis

Javier Rodriguez ("Plaintiff") filed a complaint for medical malpractice in state court on December 7, 2015. The complaint does not allege that Plaintiff filed a notice of claim or

---

[2]   Recent precedent has not changed the jurisdictional nature of administrative exhaustion. In *U.S. v. Wong*, 135 S.Ct. 1625 (2015), the United States Supreme Court held that the FTCA's *limitations period* was not jurisdictional and could be equitably adjusted.  However, as the Tenth Circuit has noted, *administrative exhaustion* is still considered jurisdictional. *See Barnes v. United States*, 776 F.3d 1134 (10th Cir. 2015) (noting the distinction between an administrative-exhaustion requirement and a statute of limitations).

otherwise exhausted his administrative remedies.[3]   Defendants removed the case to federal court on May 26, 2016.

As of May 12, 2016, five months after the filing of his complaint, Plaintiff had not submitted a claim.  A search of the DHS database which contains a record of administrative tort claims filed indicates that no administrative tort claim had been filed by Plaintiff or an authorized representative up to that time. *See* Doc. 2-1 (Torres Decl.).  DHS received a notice of claim regarding the events described in Plaintiff's complaint for the first time on May 25, 2016, and has not issued a final decision with respect to the May 25, 2016 claim.

The Court does not have the benefit of any response by Plaintiff, but is satisfied that the argument presented by the United States is legally and factually sound.  It is clear that Plaintiff has not met the FTCA's administrative exhaustion requirement and according to precedent, Plaintiff may not cure that failure by filing a claim after the complaint is filed.  Instead, the claim must be dismissed and Plaintiff must file a new suit.  The Court notes that there is a narrow exception to this rule, namely, where a plaintiff has filed an amended complaint *and* the United States agrees to treat the amended complaint as a new filing.  *Duplan,* 188 F.3d at 1200. However, this exception does not apply here.  There is no amended complaint to consider, and there is not even a suggestion that the United States would accept that pleading as a new filing. The Court also notes that removal to federal court does not satisfy the timing requirements, because federal jurisdiction depends on facts as they exist when the initial complaint is filed. *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 830 (1989); *see also Duplan,* 188 F.3d at

---

[3]  The complaint states only that Plaintiff complied with the requirements of New Mexico law prior to bringing suit. The complaint asserts that "Plaintiff has complied with the conditions precedent to suit outlined in NMSA 1978 §41-5-1 et seq." *See* Doc. 1-2, ¶12.  This assertion refers to "Medical Malpractice Act" which provides, *inter alia,* that no malpractice action may be brought against a qualified health care provider before application is made to a Medical Review Commission.  The Commission screens out nonmeritorious claims and encourages settlement of other claims.  *See* NMSA §41-5-15.

1199 (new filings in an existing suit cannot correct failure to exhaust administrative requirements).

Accordingly, because Plaintiff filed his complaint before exhausting administrative remedies as required by 28 U.S.C. §2675(a), this Court lacks subject matter jurisdiction over Plaintiff's claim against the United States, and this claim will be dismissed.

## II.    Lack of Jurisdiction Over Claims Asserted Against Other Defendants

Since Plaintiff's claims against Ben Archer Hospital provided the basis for removal, the next question is whether this Court still has jurisdiction over Plaintiff's medical malpractice claims against the other defendants. A federal court must, sua sponte, determine whether it has jurisdiction over a case at every stage of the proceeding. *See Tafoya v. United States Dep't of Justice*, 748 F.2d 1389, 1390 (10th Cir.1984).

None of the remaining Defendants appear to be agencies of the United States, and there is no indication from any of the allegations in the complaint that Plaintiff is attempting to assert a federal claim against any of the Defendants.  *See Garley v. Sandia Corp.,* 236 F.3d 1200, 1207 (10th Cir. 2001) ("well-pleaded complaint" rule requires that federal question appear on the face of plaintiff's properly pleaded complaint) (citing *Caterpillar v. Williams,* 482 U.S. 386, 392 (1987)). The complaint explicitly defines itself as an "action for medical malpractice."  Doc. 1-2 at 3.  Thus, the remaining claims are grounded in state law.  This Court may retain jurisdiction over these claims pursuant to 28 U.S.C. §1367, but the Court declines to do so here with the dismissal of Plaintiff's sole federal claim.  *See United States v. Botefuhr*, 309 F.3d 1263, 1273–74 (10th Cir. 2002) (absent showing of extraordinary circumstances, "a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial"); *Sawyer v. County of Creek,* 908

F.2d 663, 668 (10th Cir. 1990) (dismissing state claims for lack of pendent jurisdiction where federal cause of action were dismissed prior to trial).[4]

The Court also notes that while the Notice of Removal asserts a statutory basis for federal jurisdiction under the FTCA, Doc. 1, no other basis for federal jurisdiction exists.  At least one other defendant is a resident of New Mexico, thus defeating any basis for diversity jurisdiction. *See* Doc. 1-2 (Compl.), ¶2; *see also* 28 U.S.C. §1441(b).

## CONCLUSION

In sum, the Court finds and concludes that this Court lacks subject matter jurisdiction over Plaintiff's claim against the United States because Plaintiff filed his complaint before exhausting administrative remedies as required by 28 U.S.C. §2675(a), and as a result, Plaintiff's claim against the United States arising under the FTCA shall be dismissed.

The Court also finds and concludes that no other basis for removal exists, and in addition, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. §1367 with regard to Plaintiff's remaining claims against the other Defendants.

**THEREFORE,**

**IT IS ORDERED** that Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction **(Doc. 10)** is hereby GRANTED based on Plaintiff's failure to administratively exhaust the FTCA claim;

**IT IS FURTHER ORDERED** that there is no other basis for federal jurisdiction which would allow this case to remain in federal court;

---

[4] The Court suspects that the United States may have been aware of its intention to move for dismissal on the basis of exhaustion at the time it removed this lawsuit to federal court, based on the fact that the removal occurred *after* Plaintiff submitted his administrative claim.  Perhaps the purpose of this strategy was to obtain a potential federal venue for Plaintiff's other claims even after the federal claim was dismissed.  If this is true, the Court questions the propriety of the removal. *See, e.g., Schmeling v. Nordam*, 97 F.3d 1336 (10th Cir. 1996) (case not properly removed where removal was based on the existence of federal question and following removal, defendant sought dismissal on grounds that plaintiff had no private cause of action).

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims against other Defendants; and

**IT IS FINALLY ORDERED** that the Clerk of Court shall take the necessary steps to REMAND this case back to the Third Judicial District Court, County of Doña Ana, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE